IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY E. MANCILL, | § | |
| TDCJ-CID NO.1111306, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-10-0702 |
| | § | |
| RICK THALER, | § | |
| Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983.[1] (Docket Entry No.1). He seeks preliminary injunctive relief and a temporary restraining order. For the reasons to follow, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

Plaintiff reports in his original complaint executed on February 25, 2010, that on June 18, 2008, Estelle Unit officials released him from administrative segregation to the general population, where gang members who had threatened his life in 2005 resided. (Docket Entry No.1). Plaintiff claims his "enemy situation" still exists on the Estelle Unit and that his life has been endangered three times since his return to the general population even though TDCJ officials have dismissed the threats as fictitious.[2] (*Id.*). Plaintiff claims he has been denied a transfer to a safer unit because he is deaf and the Estelle Unit is the only TDCJ facility that provides interpreter services for the deaf. (*Id.*).

---

[1] Although plaintiff has added as a caption to the complaint, "the Americans with Disabilities Act," he makes no other mention of the Act in his complaint or other pleadings.

[2] The Court takes judicial notice that plaintiff sought equitable relief on a similar claim in *Mancill v. Livingston*, Civil Action No.H-07-4095 (S.D. Tex. Mar. 3, 2009). In such case, plaintiff complained that "his classification to General Population Level V on October 11, 2005, was made with deliberate indifference to his safety because the inmates who assaulted him in August of 2005, w[]ere housed nearby." *Id.*

1

Plaintiff claims that TDCJ Administrative Directive 06-25 and Correctional Managed Health Care No.G-51.5 authorize interpreter services by other community based deaf councils throughout the state in which TDCJ has an interagency cooperation contract with the Texas Commission for the Deaf and Hard of Hearing. (*Id*.). Plaintiff claims that TDCJ officials have violated his right to equal protection and acted with deliberate indifference by denying him a transfer because of his disability. (*Id*.).

Plaintiff's pleadings also show that on February 18, 2010, plaintiff twice refused new housing, for which he was charged with a disciplinary violation. (Docket Entry No.2, pages 5, 7). He also refused new housing on February 23, 2010, for which he was charged with a disciplinary violation. (*Id.*, page 8). Plaintiff does not challenge these violations, and the Court observes from the face of his pleadings that plaintiff had not exhausted his state remedies with respect to these disciplinary convictions when he executed the pending complaint on February 25, 2010.

In a letter dated February 26, 2010, plaintiff indicates that he had filed with his complaint a letter seeking a temporary restraining order and preliminary injunction in which he explained that the Estelle Unit officials were using force with mace and a five-man extraction team to extract inmates from D1 transit wing and house them on the H1 or H2 wing if they refuse to move. (Docket Entry No.4). Plaintiff indicates that he is now housed in H2-101 and that the new policy and procedures for special cell restriction are like the ones on the D1 wing, where he felt absolutely safe. (*Id*.). He states that his life is not in imminent danger and requests to withdraw his motion for a temporary restraining order. (*Id*.). He does not want to withdraw his motion for a preliminary injunction. (*Id*.).

In a letter dated March 3, 2010, plaintiff claims that he is not safe in his new cell and therefore, seeks a temporary restraining order. (Docket Entry No.5). Plaintiff claims that

Administrative Directive 3.70 does not guarantee that he will be escorted to the shower; therefore, he will refuse a shower and remain in his cell to ensure his safety. (*Id.*). Plaintiff complains that he has no hot water and no means to exchange clothing; therefore, he faces an atypical and significant hardship. (*Id.*).

## DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997(e), and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences, which can be drawn from it. *Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Id.* (internal citations and quotations omitted). A plaintiff must allege enough facts to state a claim to relief that is "plausible" on its face. *Id.* at 570. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." (*Id.*).

<u>Eighth Amendment</u>

To establish a failure-to-protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.*; *see also Oliver v. Collins*, 914 F.2d

56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

Plaintiff's pleadings and exhibits do not demonstrate that defendant Thaler refused to transfer plaintiff to a different TDCJ unit because of plaintiff's disability in spite of a determination that plaintiff's life was in danger on the Estelle Unit.  Plaintiff attached to his complaint letters from a TDCJ administrator in 2005 and 2006, which indicate that plaintiff's disability and the lack of qualified services on other TDCJ units was a complicating factor as to whether the State Classification Committee would affirm a proposed transfer to a different unit. (Docket Entry No.2, pages 14-15).  Plaintiff states no facts in the present complaint that show that Thaler or the Estelle Unit Classification Committee has determined that plaintiff's safety warrants such transfer at this time.  Likewise, plaintiff's pleadings do not show that Thaler or any TDCJ official has failed to investigate plaintiff's claims of life endangerment, ignored a substantial risk of serious harm, or acted with deliberate indifference to his claim of life endangerment.  The response to each of plaintiff's 2008 grievances, which he has also attached to his complaint, reflect that the Estelle Unit Classification Committee reviewed plaintiff's claims of life endangerment in 2008 on July 2, 14, 24 and August 15.  (Docket Entry No.2, pages 10-13).  The claims were denied due to lack of evidence.  (*Id*., pages 11, 13).  "[R]esponding to an inmate's complaints 'by referring the matter for further investigation' or taking other appropriate administrative action fulfills an official's protective duties under the Eighth Amendment.  *Longoria v. Texas.*  473 F.3d 586, 594 (5th Cir. 2006).

Moreover, plaintiff does not indicate that he has filed any other life endangerment claims with TDCJ officials since 2008.  Plaintiff has not attached any grievances challenging the February 2010, move to a new cell, nor does he allege specific facts that would give rise to a claim that defendant Thaler or any TDCJ official was deliberately indifferent to his claim of life

5

endangerment or deliberately indifferent to a substantial risk of serious harm by the move to a new cell. Accordingly, plaintiff has failed to state an Eighth Amendment deliberate indifference claim.

Equal Protection

To allege that defendant Thaler or any other TDCJ official denied him the equal protection of the law, plaintiff must state facts to show that Thaler treated two or more classifications of similarly situated prisoners differently with respect to safety transfers; and (2) that this classification had no rational relation to any legitimate governmental objective. *See Stefanoff v. Hays County*, 154 F.3d 523, 526 (5th Cir. 1998). Further, he must demonstrate Thaler acted with a "discriminatory purpose." *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). "Discriminatory purpose ... implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group." *United States v. Galloway*, 951 F.2d 64, 65 (5th Cir. 1992). "[D]isparate impact alone cannot suffice to state an Equal Protection violation; otherwise, any law could be challenged on Equal Protection grounds by whomever it has negatively impacted." *Johnson v. Rodriguez*, 110 F.3d 299, 306 (5th Cir. 1997).

Plaintiff states no facts in the present complaint to show that defendant Thaler engaged in purposeful or intentional discrimination by declining to transfer plaintiff to another TDCJ unit because of his disability. Moreover, plaintiff's pleadings do not show that Thaler or any TDCJ official has considered a safety transfer since 2006 because of a determination that plaintiff's life was in danger on the Estelle Unit. Therefore, plaintiff states no facts that would give rise to an equal protection claim against Thaler or any TDCJ official.

To the extent that plaintiff seeks relief under the American with Disabilities Act ("ADA"), he fails to show that he has been excluded from participation in, or has been denied the benefits of some service, program, or activity by reason of his disability. *See* 42 U.S.C. § 12132; *Lightbourn v. County of El Paso, Texas*, 118 F.3d 421, 428 (5th Cir. 1997).

Accordingly, plaintiff's pleadings fail to give rise to a plausible Equal Protection claim or ADA claim against any defendant; therefore, such claims are subject to dismissal.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's motion for a preliminary injunction and his motion for a temporary restraining order are DENIED. (Docket Entries No.1, No.3, No.4).

2. Plaintiff's complaint (Docket Entry No.1) is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. All other pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 19th day of May, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE